MARC J. WINTHROP – State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER – State Bar No. 166316
ghollander@winthropcouchot.com
PAYAM KHODADADI – State Bar No. 239906
pkhodadadi@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Suite 400
Newport Beach, CA 92660

Telephone: (949) 720-4100
Facsimile: (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

FILED & ENTERED

OCT 16 2009

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY daniels    DEPUTY CLERK

CHANGES MADE BY COURT

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>W/C IMPORTS, INC., a California corporation,<br><br>Debtor and<br>Debtor in Possession. | Case No. 8:09-19622 ES<br><br>Chapter 11 Proceeding<br><br>**ORDER (1) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**[1]<br><br>DATE:    October 15, 2009<br>TIME:    10:30 a.m.<br>PLACE:   Courtroom 5A |

On October 15, 2009 at approximately 10:30 a.m., a hearing was held to consider the Debtor's Motion for Order (1) Approving the Sale of Substantially All of the Estate, Free and Clear of Liens, Claims and Interests; and (2) Authorizing the Assumption and Assignment of Certain Executory Contracts (the "Motion") filed by W/C Imports, Inc., the debtor and debtor-in-

---

[1] Capitalized terms not defined in this Order shall have the same meaning attributed thereto in the Motion.

Case 8:09-bk-19622-ES    Doc 76    Filed 10/16/09    Entered 10/16/09 14:00:47    Desc
Main Document    Page 2 of 11

possession in the above-entitled Chapter 11 case (the "Debtor"), before the Honorable Erithe Smith, United States Bankruptcy Judge.  Garrick A. Hollander, Esq. of Winthrop Couchot Professional Corporation appeared on behalf of the Debtor.  Other appearances, if any, were as reflected on the record.

The Court having read and considered the Motion, the declarations and other evidence filed in support of the Motion, opposition to the Motion, the papers, pleadings and other documents on file in this Chapter 11 case, and the Court having heard the representations and arguments of counsel, and after due deliberation thereon; and good cause appearing therefore;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.　　This Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334.

B.　　Venue is proper in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.　　The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(M), (N), and (O).

D.　　The statutory predicates for the relief requested herein are 11 U.S.C. §§ 363 and 365 and Rules 2002, 6004, 6006, and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

E.　　Proper, timely, adequate and sufficient notice of the Motion, the Hearing and the proposed sale has been provided in accordance with 11 U.S.C. §§ 102(1), 363, and 365 and Rules 2002, 6004, 6006, 9006, and 9008 of the Bankruptcy Rules, and no other or further notice of the Motion, the hearing on the Motion or the Sale is required or necessary under the circumstances.

F.　　The overbid procedures set forth in the Motion afforded a full, fair and reasonable opportunity for any entity to make a higher and better offer to purchase the Assets and to acquire the Assumed Contracts by assumption and assignment thereof.

G.　　Pursuant to the Motion, Debtor conducted a live auction on October 13, 2009, commencing at 10:00 a.m., at the offices of Winthrop Couchot Professional Corporation (the "<u>Auction</u>"), for the sale of Assets in accordance with the terms of the Motion.

Order#14544#564affde-fc37-485d-abac-7979fbba322c

     H.     Bidders who had attended the Auction included: (i) Bristol Associates, Ltd. ("Buyer"); (ii) Standard Fiber, LLC; (iii) P.D.K. Worldwide Enterprises, Inc.; (iv) Welspun USA, Inc.; (v) Keeco, LLC; and (vi) Sundaram, LLC.

     I.     Debtor has complied with the terms of the Motion.

     J.     After the conclusion of the bidding, the Debtor determined that the highest and best offer received was from Buyer, consisting of an all cash offer of $1,250,000 (the "<u>Purchase Price</u>").

     K.     The Court determines that Buyer has provided the highest, best and most certain offer for the Assets and is the Successful Bidder for the Assets, and the Purchase Price resulting from the Auction constitutes fair and reasonably equivalent value for the Assets.

     L.     The Debtor has exercised sound and proper business judgment in determining to sell the Assets to Buyer.

     M.     The Debtor has full power and authority to execute, deliver and perform the Asset Purchase Agreement ("APA") attached as Exhibit "1" to the "Exhibits to the Sale Order," which is filed concurrently herewith (Docket no.74), and all other documents necessary and appropriate to effect the Sale of the Assets approved by this Order, and to perform the transactions contemplated thereby.

     N.     The Debtor has good and marketable title to the Assets, and, accordingly, the transfer of the Assets to Buyer pursuant to the APA and 11 U.S.C. §§ 363 and 365 shall be a legal, valid and effective transfer of the Assets and legal title thereto.

     O.     The transfer of the Assets, and the assignment to Buyer of the Assumed Contracts, as set forth in the APA (i) are or will be legal, valid and effective transfers of property of the bankruptcy estate of Debtor, and (b) vest or will vest in Buyer all right, title and interest of Debtor in and to all of the Assets, free and clear of all liens, claims, encumbrances, adverse interest, liabilities and obligations, except as set forth in the APA or herein.

P.    All of the actions taken by the Debtor and Buyer, and their respective officers, directors, employees, counsel, financial advisors and other professionals in connection with the negotiation, execution, delivery, and consummation of the Sale, and the transactions contemplated therein, have been conducted at arm's length and have been in good faith, and Buyer is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code, because, among other reasons.

    1.    Buyer is not an "insider" or "affiliate" of the Debtor, as those terms are defined in the Bankruptcy Code;

    2.    Buyer is unrelated to the Debtor;

    3.    The APA was negotiated, proposed and entered into by the Debtor and Buyer without collusion, in good faith, and from arm's length bargaining positions;

    4.    The Purchase Price was not controlled by an agreement between potential or actual bidders within the meaning of section 363(n) of the Bankruptcy Code; and

    5.    Neither the Debtor nor Buyer has engaged in any conduct contemplated by the APA to be avoided as contemplated by section 363(n) of the Bankruptcy Code.

Q.    In the absence of a stay pending appeal, Buyer will be acting in good faith within the meaning of section 363(m) of the Bankruptcy Code in closing and consummating the Sale at any time after the entry of this Order, and, accordingly, such closing and consummation in the face of an appeal will not deprive Buyer of its status as a good faith purchaser.

R.    Time is of the essence in consummating the Sale, and Buyer intends to close and consummate the Sale in accordance with the APA as soon as possible, notwithstanding that this Order has not become a final order, and, therefore, any party objecting to this Order must exercise due diligence in filing an appeal and obtaining a stay pending such appeal or risk that such appeal will be foreclosed as moot.

S.    Debtor has satisfactorily provided, pursuant to 11 U.S.C. § 365(b)(1), sufficient evidence of its ability and willingness to promptly cure its defaults under the Assumed Contracts,

which Assumed Contracts are set forth on Exhibit "2" to the "Exhibits to Sale Order," which is filed concurrently herewith (Docket no. 74).

T.    Buyer has satisfactorily provided to the counterparties to Assumed Contracts, pursuant to 11 U.S.C. § 365(f)(2)(B), sufficient evidence of its ability and willingness to provide adequate assurance of future performance with respect to all of the Assumed Contracts.

U.    Good cause exists to grant all relief provided herein.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    The Motion is granted in all respects except as provided herein.

2.    Save and except the objections not otherwise withdrawn or resolved by agreement, any objections still pending are overruled.

3.    The Debtor is authorized to sell the Assets to Buyer, as the bidder with the highest, best and most certain bid at the Auction, in an amount equal to the Purchase Price, and on the terms set forth in this Order and the APA.

4.    The Debtor shall deposit all Sale proceeds into a segregated interest bearing bank account with prepetition liens, claims and interests attaching to such funds with the same priority and validity that the CIT Group and Patrick McCullagh possessed as of the petition date. The proceeds of the Sale shall be distributed at a later date either: (1) upon mutual agreements between the CIT Group and the Debtor and between Mr. McCullagh and the Debtor, without further order of the Court; or (2) if no agreement is reached, only upon further Court order.

5.    The Sale shall be, pursuant to 11 U.S.C. § 363(f), free and clear of all liens and encumbrances, if any. The purported liens and encumbrances held by the CIT Group and Patrick McCullough, with such other liens and encumbrances, if any, to attach to the net sales proceeds in the preexisting order of priority.

6.    The Debtor and Buyer are each entitled to the protections afforded by 11 U.S.C. §363(m) with respect to the Sale and all transactions approved in this Order.

7.    The Sale may not be avoided pursuant to 11 U.S.C. §363(n) or otherwise.

8. At the Closing, the Debtor is authorized and directed to sell, assign, transfer, convey and deliver all of the Debtor's right, title and interest in, to and under the Assets to Buyer.

9. The Debtor is authorized and directed to execute and deliver, and empowered to fully perform under, consummate and implement, this Order, the APA, and all documents required by the APA to be delivered at the Closing or thereafter.

10. Except for the cure claim asserted by Monique Lhuillier Licensing, LLC, all claims asserted by licensors as set forth in Exhibit "2" are hereby fixed at 0.00.

11. Pursuant to 11 U.S.C. § 365, the Debtor is authorized to assume and assign to Buyer the Assumed Contracts as set forth in Exhibit "2," without any cure claim obligation of the Debtor or Buyer.

12. If Buyer determines it does not seek to assume any of the Assumed Contracts as set forth on Exhibit "2," then the Debtor may seek to sell such contracts to an alternative purchaser. If the Debtor determines that such contracts are burdensome or of inconsequential value, then the Debtor may reject its interest in such contracts by filing and serving a notice of rejection of such contracts, which rejection shall be effective upon the date that is five (5) business days after the date of the notice of such rejection.

13. All persons and entities holding liens and encumbrances with respect to the Assets are hereby barred from asserting any such liens and encumbrances against Buyer, or any of its successors or assigns, or the Assets.

14. The ten (10) day stay of order provided in Rules 6004(g) and 6006(d) of the Bankruptcy Rules is hereby waived.

15. This Court retains jurisdiction to (i) enforce and implement the terms and provisions of the APA, (ii) resolve any disputes arising under or related to the APA (iii) resolve any disputes relating to the Cure Amounts and adequate assurance of future performance regarding Buyer; and (iv) interpret, implement and enforce the provisions of this Order.

1      16.    Nothing contained in any plan of reorganization (or liquidation) confirmed in this case or the order of confirmation confirming any plan of reorganization (or liquidation) shall conflict with or derogate from the provisions of the APA or the terms of this Order.

    17.    The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order that may be entered confirming any plan of reorganization for the Debtor, converting the Debtor's case from Chapter 11 to a case under Chapter 7 of the Bankruptcy Code, or dismissing this case.

    18.    This Order shall be binding in all respects upon, and shall inure to the benefit of, Debtor, its estate and creditors, and Buyer, and their successors and assigns. Debtor and Buyer shall be entitled to enforce the terms and provisions of this Order.

    19.    The findings of fact set forth above and conclusions of law stated herein constitute this Court's findings of facts and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable herein pursuant to Bankruptcy Rule 9014.  To the extent any finding of

///

1 fact contained herein shall be construed as conclusions of law and conclusions of law contained

2 herein shall be construed as findings of fact when appropriate.

3   20.  No further notice or Court appearance shall be necessary to effectuate the

4 foregoing.

5   21.  Counsel for the Debtor shall give notice of entry of this Order.

**APPROVED AS TO FORM AND CONTENT:**

**WINTHROP COUCHOT
PROFESSIONAL CORPORATION**

By: /s/ Garrick A. Hollander
      Marc J. Winthrop
      Garrick A. Hollander
[Proposed] general insolvency counsel for Debtor
and Debtor-in-Possession

####

DATED: October 16, 2009

_____
United States Bankruptcy Judge

-8-

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **ORDER (1) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:** On _____, 2009 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on   attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, 2009 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Buyer's counsel: William J. Wall – wwall@wall-law.com
Proposed Committee Counsel: office@brinkmanlaw.com
US Trustee's Office: frank.cadigan@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 15, 2009 | PJ Marksbury | /s/ PJ Marksbury |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

Order#14544#564affde-fc37-485d-abac-7979fbba322c

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the Court that a judgment or order entitled: **ORDER (1) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE ASSETS OF THE ESTATE FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND (2) AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASES AND EXECUTORY CONTRACTS**[2] was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the Court via NEF and hyperlink to the judgment or order.  As of October 15, 2009 the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the e-mail address(es) indicated below:

☒ Service information continued on next page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on next page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or e-mail and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or e-mail address(es) indicated below:

☒ Service information continued on next page

---

[2] Capitalized terms not defined in this Order shall have the same meaning attributed thereto in the Motion.

ADDITIONAL SERVICE INFORMATION (if needed):

**NEF SERVICE LIST**
- Daren Brinkman    office@brinkmanlaw.com  - **[proposed] Committee Counsel**
- Frank Cadigan    frank.cadigan@usdoj.gov
- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Brian T Harvey    bharvey@buchalter.com, IFS_filing@buchalter.com
- Garrick A Hollander    sconnor@winthropcouchot.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com – Counsel to Anaheim Landlord
- Misty A Perry Isaacson    misty@pagterandmiller.com, pandm@pagterandmiller.com;pagterandmiller@yahoo.com
- J Alexandra Rhim    arhim@buchalter.com, smartin@buchalter.com – Counsel to secured creditor
- Donald Segretti    dsegretti@aol.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Marc J Winthrop    pj@winthropcouchot.com

**Manual Notice List**
- (No manual recipients)

**III.  TO BE SERVED BY THE LODGING PARTY:**

Via e-mail or facsimile (as indicated):

| Counter-parties to executory contracts | |
|---|---|
| WWRD<br>Attn:  Corporate Officer<br>Rob.carroll@wwrd.com<br>william.robedee@wwrd.com | Monique Lhuillier Licensing LLC<br>Attn:  Managing Member<br>tom@moniquelhuillier.com |
| Calvin Klein, Inc.<br>Attn:  Corporate Officer<br>DeirdreMiles-Graeter@ck.com | Cristina Saralegui Enter.<br>Daniel.Siegel@imgworld.com |
| Royal Doulton Limited<br>Attn:  Managing Partner<br>Victoria.clarke@wwrd.com | Tabletops Unlimited<br>Attn:  Dar Molayem<br>johna@tabletopsunltd.com<br>Linda Novy [lindan@ttucorp.com] |

| Landlords | Landlords |
|---|---|
| Manhattan Properties Company<br>c/o Rosenburg & Estis PC<br>Attn: Luise A. Barrack Esq.<br>lbarrack@rosenbergestis.com | K & L Properties II, LLC<br>c/o GS Management Company<br>Attn: Phyllis Osaki<br>posaki@gsmanagement.com |
| Successful Bidder's counsel | |
| wwall@wall-law.com<br>Bristol Associates, Ltd.<br>c/o William J. Wall, Esq.<br>The Wall Law Office | Debtor<br>W/C Imports Inc.<br>Attn:  Patrick J. McCullagh, Pres.<br>pmc@wcdesigns.com |